**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| BROADCAST MUSIC, INC.; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC, a division of PRAXIS INTERNATIONAL COMMUNICATIONS, INC.; STEVE WARINER MUSIC; BLACKENED MUSIC; SONY/ATV SONGS, LLC; R AND R NOMAD PUBLISHING COMPANY, a division of R AND R NOMAD PUBLISHING CO., LLC; 4U2ASKY ENTERTAINMENT, INC.; SAD SMILES MUSIC; Cody Jinks LLC d/b/a LATE AUGUST PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>FLEUR DE LIS BAR AND GRILL, LLC d/b/a FLEUR DE LIS BAR AND GRILL, and RUSSELL HASTINGS, each individually,<br><br>Defendants. | CIVIL ACTION NO.: 1:23cv158 HSO-BWR<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Eleksylum Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff No Surrender Music, a division of Praxis International Communications, Inc is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Steve Wariner Music is a sole proprietorship owned by Steve Wariner. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Blackened Music is a sole proprietorship owned by Clint Black. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs, LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff R and R Nomad Publishing Company, a division of R & R Nomad Publishing Co., LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff 4U2asky Entertainment Inc. is a corporation. The Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Sad Smiles Music is a sole proprietorship owned by Joshua Wayne Morningstar. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Cody Jinks, LLC is a limited liability company doing business as Late August Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Defendant Fleur De Lis Bar and Grill, LLC is a limited liability company organized and existing under the laws of the state of Mississippi, which operates, maintains and controls an establishment known as Fleur De Lis Bar and Grill, located at 809 Ingalls Ave., Pascagoula, MS 39567, in this district (the "Establishment"), and may be served with process through its registered agent, Russell Brett Hastings, Jr., 2215 12th Street, Pascagoula, MS 39567.

16. In connection with the operation of the Establishment, Defendant Fleur De Lis Bar and Grill, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

17. Defendant Fleur De Lis Bar and Grill, LLC has a direct financial interest in the Establishment.

18. Defendant Russell Hastings is a member of Defendant Fleur De Lis Bar and Grill, LLC with responsibility for the operation and management of that limited liability company and the Establishment, and may be served with process at 809 Ingalls Avenue, Pascagoula, MS 39567, 2215 12th Street, Pascagoula, Pascagoula, MS 39567, or wherever he may be found.

19. Defendant Russell Hastings has the right and ability to supervise the activities of Defendant Fleur De Lis Bar and Grill, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

20. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 19.

21. Since April 2022, BMI has reached out to Defendants over 25 times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

22. Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing

the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable

damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated:  June 29, 2023

**BURR & FORMAN LLP**

By: */s/ Mark H. Tyson*
Mark H. Tyson (MSB #9893)

OF COUNSEL:

BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite M-100
Jackson, MS  39201
Telephone: (601) 355-3434
Facsimile:  (601) 355-5150
mtyson@burr.com

*Attorney(s) for Plaintiffs*